## GUS PSINAKAS, Respondent, v. JAMES MAGAS, Appellant.

### Kansas City Court of Appeals, January 22, 1912.

1. **BILLS AND NOTES: Chattel Mortgages: Recoupment.** Defendant owned two stores, both containing soda fountains, for which notes were given in payment secured by chattel mortgages on each fountain. Afterward a partnership was formed with plaintiff, and both stores were owned and operated by the partnership, which was later dissolved by agreement in writing, and plaintiff got one store and defendant the other. The dissolution contract provided that defendant should pay all bills heretofore contracted by him or the partnership. Defendant was compelled to pay the notes secured by mortgages on the fountain in his store to prevent foreclosure, and sued to recover the amount so paid. *Held*, that as the defendant alone executed the soda fountain notes and mortgage and the dissolution written contract being silent concerning their payment, the judgment for the plaintiff will not be disturbed.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

*Harris & Finley* for respondent.

JOHNSON, J.—This is an action to recover the amount of an indebtedness of defendant to a third person which plaintiff was compelled to pay in order to discharge personal property owned by him from the lien of a mortgage thereon given to secure the payment of said indebtedness. The cause is here on the appeal of defendant from a judgment recovered by plaintiff for the full amount of his demand.

The parties are Greeks who have lived in this country about nine years and who do not read or write the English language and speak it poorly. Defendant

owned two confectionery shops in Columbia, one on Ninth street and the other on Broadway. He bought a soda fountain on the instalment plan for each store and in payment of the purchase price of each fountain gave a series of promissory notes, secured by a chattel mortgage on the fountain. Afterward he formed a partnership with plaintiff and both shops were owned and operated by the partnership until July 18, 1910, when the partnership was dissolved by mutual consent. The contract of dissolution was prepared by a lawyer, reduced to writing and signed by the partners. By the terms of the contract, defendant became the sole owner of the shop on Broadway "together with the entire stock, goods, furniture, fixtures, etc., contained therein, together with the lease now held upon the same" and plaintiff became the owner of the Ninth street shop, including "the entire stock of goods, wares, merchandise, furniture and fixtures of every nature, etc."

The partnership was indebted to a trust company in the sum of one thousand dollars and the contract provided that plaintiff should assume and pay that debt. Further the contract required defendant "to pay all bills heretofore contracted for and in behalf of the said James Magas or Magas and Psinakas, . . . up to and including all bills contracted prior to this date." On its face this contract purported to include the entire dissolution agreement of the parties. Evidently the description of the property each partner intended to convey to the other included the soda fountains. Plaintiff became the owner of the fountain in the shop conveyed to him and defendant became the owner of the fountain in the other shop. The contract, however, failed to mention the unpaid purchase price of either fountain and that omission gave rise to the present controversy. Defendant did not pay the instalment notes given for the Ninth street fountain and plaintiff paid them and claims that he was compelled

to do so to avoid losing the fountain by the foreclosure of the mortgage on it. The petition alleges that "under the terms of said agreement the defendant, in consideration of said transfer and division, agreed and undertook to pay all bills theretofore contracted for and in behalf of the said James Magas, or Magas and Psinakas, or in the name of the Olympian Candy Kitchen, up to and including all bills contracted prior to the date of said agreement." Allegations follow that defendant had executed his promissory notes for the purchase price of the Ninth street fountain in the aggregate of $238 and secured their payment by a chattel mortgage on the fountain and "that the defendant has ever neglected and refused to pay said notes, or any part thereof, though often requested so to do; that on account of defendant's said failure to pay said indebtedness, the plaintiff has been compelled to pay and has paid in discharge of said notes and interest, the total sum of $252.11."

In his answer defendant alleges that by the terms of the actual agreement made by the parties, plaintiff assumed the payment of the notes given for the soda fountain in the Ninth street shop and "that by mistake or oversight on the part of the person who prepared the written contract, the said chattel mortgage was not mentioned in said written contract, which oversight was not discovered at the time either by the plaintiff or by the defendant. The defendant further says that by reason of such omissions in said written contract, and by reason of a mutual mistake between the parties, the said contract did not refer to said chattel mortgage, nor the notes secured by same, although the plaintiff well knew of the same at the time, and fully intended and agreed that he (plaintiff) would pay said notes when the same became due."

The answer prays for the reformation of the written contract to conform to the actual agreement. The court submitted to the jury the issue of whether or

not there was a mutual mistake of fact in the written contract signed by the parties and we find the record presents substantial evidence in support of the respective positions of the parties with reference to this issue. We perceive no reason for interfering with the solution of the question expressed in the verdict for plaintiff. The burden was on the defendant to establish by proof the existence of a mutual mistake and while we find the evidence adduced by him to be substantial, it by no means is so conclusive as his counsel appears to regard it, nor is it even very persuasive. It is contended by counsel that there is a fatal variance between the allegations of the petition and the proof offered by plaintiff. It may be true, as urged by counsel, that the obligation of defendant, as expressed in the contract and alleged in the petition, to pay all bills contracted by defendant and by the partnership was not comprehensive enough to include promissory notes executed by defendant but plaintiff's cause of action does not depend on this contractual obligation, nor is it restricted by the averments of the petition to such obligation. We are disposed to regard the written contract as entirely silent on the subject of the soda fountain notes and this silence left the legal burden of discharging them on defendant where it always had been. He alone executed the notes and mortgage and if he wished to shift that obligation to plaintiff it was his business to provide therefor in the contract. This he did not do, either in the written or oral agreements and the burden of discharging the indebtedness remained with him. The petition alleged all the facts which include in their proper scope the cause of action proved by plaintiff and on which he recovered his judgment.

It follows that the judgment should be affirmed and it is so ordered. All concur.